[No. 1508, July 8, 1913.]

## THE STATE OF NEW MEXICO, Appellee, v. F. W. BYERS and C. A. BUEHL, Appellants.

### SYLLABUS (BY THE COURT)

1.  Sec. 24 of Chap. 124, S. L. 1905, as amended by sec. 1 of chap. 53, S. L. 1907, examined. Held: That the Board of County Commissioners, under the provisions of said section are required to divide their counties into three road districts, which shall be the same as the county commissioner districts of the county.

P. 100

2.  The person subject to road tax must be notified to appear, at such time and place and with such tools as may be designated, to perform the work in lieu of road tax.

P. 101

3.  The inhabitants of incorporated cities and towns are subject to the provisions of chapter 124, Session Laws of 1905, as amended by chapter 53, Laws of 1907, relative to labor upon public highways, or payment of road taxes in lieu of such labor.

P. 98

Appeal from the District Court of Bernalillo County; Herbert F. Raynolds, District Judge; reversed.

M. U. VIGIL, J. BENSON NEWELL, of Albuquerque, N. M., and FRANK W. CLANCY, Attorney General, Albuquerque, N. M., for appellants.

Inhabitants of incorporated cities and towns not required to perform labor upon the county roads. Laws 1905, chap. 124, amended by chap. 53, Laws 1907, secs. 2, 24, 25, 26, 27, 28, 34, 35, 40; C. L., sec. 2464, sec. 2411, sec. 2402, sub-div. 85; Powers v. Barney, 5 Blatch. 202 and 3; Sutherland Stat. Construction, sec. 537; C. L. 1907, sec. 660; ex parte Roberts, 11 S. W. 782; State v. Jones, 18 Tex. 874; Tavernier v. Hunt, 6 Heisk, (Tenn.) 599; Meyers v. Thacher, 8 N. E. 824; Elliott on Roads

and Streets, sec. 543; Jones on Taxation by Assessment, sec. 22; Lowe v. Yolo Co. (Cal.) 96 Pac. 379; Haggett v. Hurley, 91 Me. 542, 41 L. R. A. 362; 37 Cyc. 755.

County must be divided into road districts as per statute. Tax must come clearly within the letter of the statute. 36 Cyc. 1189; Commonwealth v. Glover, 116 S. W. 769; August Bank v. Sanford, 103 Fed. 98; and cases cited.

Statute violates Constitution as to unequal taxation, and double taxation. Const., art. 8, sec. 1; Const., art. 8, sec. 2; 37 Cyc. 749, and cases cited under note 92; Hutchinson v. Ozark Land Co., (Ark.) 22 S. W. 173; County Commrs. v. Laurel, (Md.) 3 L. R. A. 528.

Road over-seer must notify all persons. 29 Cyc. 1119; and cases cited under note 57. Service must be personal.

H. S. CLANCY, Assistant Attorney General, Santa Fe, N. M., for appellee.

County Commissioners legally authorized to divide county into two road districts. Laws 1907, chap. 53, sec. 1, amending Laws 1905, chap. 124, sec. 24.

Residents of an incorporated city are not exempt from the payment of a road tax or the performance of labor in lieu thereof. C. L. 1897, sec. 1832; Laws 1901, chap. 40, sec. 23; 1 Elliott Roads and Streets, sec. 479; Creswell v. Montgomery, 13 Pa. Sup. Ct. 87; Pa. Coal Co. v. Kelly, 2 Kulp, (Pa.) 41; 37 Cyc. 332.

Payment of Road Tax and the requiring of persons to work on the highways is not double taxation. Const., art. VIII, secs. 1 and 2; I Elliott Roads and Streets, sec. 480 and cases cited; 37 Cyc. 755; State v. Wheeler, 53 S. E. 358.

### STATEMENT OF THE FACTS.

This is an action brought by the State in the District Court of Bernalillo County against the appellants, to recover from each the sum of three ($3.00) dollars, as a road tax. Two causes of action are joined, the same in substance; the one against Buehl does not assert that the

notice required him to appear and work at any specified time or place,—being merely a demand to pay the money. No objection was raised to the joining of the two causes of action.

Both defendants asserted the following defenses:—They are not residents of road district No. 1, of the County of Bernalillo, because the City of Albuquerque, where they reside, is an incorporated city; that they are tax payers of said city; that the city of Albuquerque has exclusive charge of its streets and highways and is not subject to the county highway authorities, and is not a part of road district No. 1 of said county, and they are therefore not subject to the jurisdiction of the road overseers of said district.

Four grounds are assigned as the basis for the last contention, i. e.:

"First: Chapter 124 of the Laws of 1905 as amended by chap. 53 of the laws of 1907 does not purport to include incorporated cities and towns having separate authorities in charge of their highways within the jurisdiction of the road overseers provided in said act nor their inhabitants subject to perform labor at the demand of such overseers but that on the contrary under the proper construction only of the territory outside of incorporated cities and towns.

"Second: Assuming that the act attempts to require the inhabitants of incorporated cities and towns to perform work upon the county roads outside of their respective municipalities, though leaving them also subject to labor upon the roads within their corporate limits, it is inconsistent with sec. 1 of art. 8 of the Constitution, to the effect that the rate of taxation shall be equal and uniform upon all subjects of taxation, and also inconsistent with the provisions of section 2 of said article, that no double taxation shall be permitted.

"Third: That in attempting to enforce the said tax and collect the same the county commissioners of Bernalillo County have not complied with the requirements of the statute in that instead of dividing the county into dis-

State v. Byers & Buehl, 18 N. M. 92.

tricts, which should be the same as the county commissioner
districts in the county, as required by section 24 as amend-
ed, they have attempted to divide the county into two dis-
tricts, each of which includes a portion of each of the
three commissioner districts in the county and then
sought to compel the defendants to labor upon the roads
in a section of the county on which they could not have
been compelled to labor had the commissioners complied
with the statute.

"The defendant Buehl presents the additional ground
that he has never been given an option to perform the
labor at any place or time but instead the suit is based
merely on a direct demand that he pay the money pro-
vided by the statute in lieu of work and that even this no-
tice was only served on him by mailing the same to him,
while the statute makes no provision for other than per-
sonal service.

"To a joined answer of the defendants setting up the
foregoing grounds of defense the plaintiff demurred and
by pro forma order the District Court sustained their de-
murrer and the defendants electing to stand upon their
answers as filed, and declining to plead over, the judgment
being given for the plaintiff."

### OPINION OF THE COURT.

HANNA, J.—The first point presented for our consider-
ation by appellants' brief is that the statute does not give to
the road overseers, appointed by the County Commissioners,
authority to require inhabitants of cities and towns, within
their respective counties, to perform labor upon the county
roads.   Sec. 2 of chap. 124 of the Session Laws of 1905
throws some light upon this question.   The section is as
follows:

"All public highways, except such as are owned and
operated by private corporations, and highways within
the corporate limits of any incorporated city or town, shall
be maintained and kept in repair by the respective coun-
ties in which they are located."

At the time of the passage of the Act of 1905, quoted
from, the supervision and control of public highways

within the limits of incorporated cities was governed by sec. 2464, Comp. Laws of 1897, which we quote so far as its provisions are applicable to the question under consideration.

"Sec. 2464.    The city council shall have the care, supervision and control of all public highways, bridges, streets, alleys, public squares and commons within the city, and shall cause the same to be kept open and in repair and free from nuisances."

Sub-div. 85, of sec. 2402, Comp. Laws 1897, provides that the city council shall have the power "to levy and collect annually from each able bodied male citizen of such city or town, between the ages of twenty-one and sixty years, a poll tax or require a certain amount of labor in lieu thereof; Provided, such tax shall not exceed the sum of one dollar per capita."

It is argued by appellants that the statutes contemplate separate systems for highway management, one for incorporated cities and towns, and the other for the balance of the county, each with independent jurisdiction.

It is contended by the learned Attorney General that section 1832 C. L. 1897, specially exempted an able-bodied male person "residing within the limits of incorporated towns and villages" from performing labor upon the public highways, or in lieu of such labor the payment of one dollar a day for each day he was liable to labor upon the roads.    This section was repealed by section 23, chapter 40, Laws of 1901, which clearly indicates, taken in connection with the other statutes set out in appellants' brief, the intention of the legislature to require the payment of a road tax or the performance of labor upon the public highways by every able bodied male citizen of New Mexico, irrespective of his place of residence.

Until the enactment of chapter 53 of the Session Laws of 1907, it was clearly the purpose and intention of all the legislation upon this subject to exempt persons residing within the corporate limits of incorporated cities and towns from labor, or road tax, in lieu thereof, upon public highways.    This intention of the legislature is shown not

only by sec. 1832, C. L. 1897, but also by sec. 26, chapter 124, S. L. 1905, which last mentioned section reads as follows:

"Every able bodied man between the ages of twenty-one and sixty years shall annually pay to the road overseer of the district wherein he resides, a road tax of three dollars, or in lieu of such sum shall labor on the public roads three days, whenever notified by the overseer as hereinafter provided, but the provisions of this act shall not apply to persons residing within the corporate limits of incorporated cities and towns."

We find, however, that sec. 26 was amended by sec. 3, of chap. 53, Session Laws of 1907, which is as follows:

"Sec. 3. That section 26 of said act of the 36th Legislative Assembly of the Territory of New Mexico hereinbefore mentioned is hereby amended so as to read as follows:

"Sec. 26. Every able bodied man between the ages of twenty-one and sixty years shall annually pay to the road overseer of the district wherein he resides, a road tax of three dollars, or in lieu of such sum shall labor on the public roads three days, whenever notified by the road overseer as hereinafter provided, and all moneys collected and received by any road overseer appointed under the provisions of this act shall be by him paid into the county treasury to the credit of the road fund for the district within which the said money was collected, and all moneys paid out for work upon roads or for tools, supplies, materials or repairs, shall be paid by an order signed by the road overseer upon the county treasurer to be paid out of the funds set apart to the road district in which said road overseer shall have been appointed. Any road overseer who shall appropriate or convert to his own use any money collected by him, or any property, tools, materials or supplies belonging to any county, or used in any road district provided for in this act, shall be deemed guilty of embezzlement, and upon conviction thereof, shall be fined not less than one hundred dollars ($100.00) nor more than five hundred dollars ($500.00), and imprisoned in

the county jail not less than one month or more than six months."

It will be noted that the proviso of sec. 26, as it appeared in the act of 1905, has been omitted in the re-enactment of section 26, as it appears in the act of 1907. Does this indicate an intention on the part of the legislature to make the act of 1905 as amended by the act of 1907, applicable to persons residing within the corporate limits of incorporated cities and towns? We are of the opinion that such was the intention of the legislature.

We are not unmindful of the fact that sec. 2 of chapter 124 of the laws of 1905 excepts highways, within the corporate limits of any incorporated city or town, from the public highways, to be maintained and kept in repair by the counties in the manner provided by said act. It may seem unreasonable that the legislature intended to tax the residents of incorporated cities and towns for the maintenance of county roads and at the same time provide that such cities and towns should depend upon their own resources to maintain the highways within their limits. We can only justify this apparent inconsistency upon the ground that the county roads are used by people of our cities and towns as well as by the country people, and that both should contribute to the maintenance of such roads. The city or town highways are more largely used by the inhabitants of such places and the burden of maintaining falls upon a larger number of people, and properly should be borne by those receiving almost all the benefit.

After careful consideration of the question, we are compelled to conclude that it was the intention of the legislature in amending chapter 124 of the Session Laws of 1095, by enacting chapter 53 of the laws of 1907, to make the inhabitants of incorporated cities and towns subject to the provisions of said act relative to labor upon public highways, or the payment of a road tax in lieu of such labor.

With respect to the contention of appellants that the liability to perform labor, or pay road tax within both a

State v. Byers & Buehl, 18 N. M. 92.

county road district and an incorporated city or town, would result in a double taxation, we have to say that the condition is analogous to that of a tax payer subject to general taxation for road purposes and at the same time called upon to perform labor or pay a road tax in lieu thereof. The question of double taxation in the latter case is disposed of in the following citation from 1 Elliott Roads and Streets, sec. 480, with which we fully agree:

"Requiring persons to work on highways, even where they are partly kept up by taxation, is not double taxation and statutes requiring such work are not unconstitutional. The theory is that requiring such labor is not taxation at all, but is the exaction of a public duty. The authorities are almost unanimous in upholding such statutes." See also 37 Cyc. 755.

The point is also made by appellants, under the second ground set forth in support of their contention, that an inequality in taxation results by virtue of the fact that the resident of an incorporated city or town must contribute to the maintenance of both city and country roads. On the theory that a public duty is to be enforced and that requiring such labor is not taxation, this question is also disposed of.

The third ground assigned is that in attempting to enforce the said road tax and collect the same the county commissioners of Bernalillo County have not complied with the requirements of the statute in that instead of dividing the county into districts, which should be the same as county commissioner districts in the county, they have divided the county into two districts, each of which includes a portion of each of the three commissioner districts in the county, and then sought to compel the defendants to labor upon the roads in a section of the county- where they could not be compelled to perform labor had the county commissioners complied with the statute. We consider this objection well taken.

The statute referred to, sec. 1 of chap. 53, Session Laws of 1907, is as follows:

"Section 1. That section 24 of chapter 124 of the laws

of the 36th Legislative Assembly of the Territory of New Mexico, entitled, 'An act relating to public highways, approved March 16th, 1905,' be and the same hereby is amended so as to read as follows:

'Sec. 24. The board of county commissioners shall divide their counties into not more than three road districts, which said districts shall be the same as the county commissioner districts of the county. In each district so formed there shall be appointed annually by the county commissioners a road overseer of such district, who shall hold his office for a period of one year, or until his successor is duly qualified, who shall file with the probate clerk a sufficient bond, in the sum of not less than one thousand $1000.00) dollars, to be approved by the board of county commissioners, conditioned for the faithful performance of his duties as such road overseer and to secure the payment of any money that he may receive under the provisions of this act, and the delivery to his successor in office of any tools or other property which he may have in his possession at the expiration of his term of office."

Sec. 24, as thus amended, is clearly mandatory and requires that the board shall divide their counties into not more than three road districts, which shall be the same as the county commissioner districts of the county.

1    By express provision of law (sec. 660 Comp. Laws of 1897) there must be three county commissioners districts, and to permit less than three road districts would make nugatory the provision of this statute that the road districts shall be the same as the county commissioner districts.

There remains but one point for our consideration, i. e., that raised by the defendant Buehl that he was not given an option to perform labor, at any place or time, but instead the notice served upon him was a demand for the payment of the sum of three dollars as a road tax.

Sec. 27 of chap. 124, S. L. of 1905, provides that "the road overseers shall notify all persons in their districts subject to road tax between the first day of April and the first day of September in each year, to appear at such

time and place and with such tools as he may designate, to perform the work in lieu of road tax."

Sec. 28, of the same act, provides as follows:

"Any person subject to road tax, who, after due notice has been given, refuses the same or to perform the work in lieu thereof, for a period of ten days after being so notified, according to the provisions of the preceding section, shall be considered delinquent, and it shall be the duty of the road overseer to immediately make a list of such delinquents in his district and every such delinquent shown on the said list shall be subject to the payment of such tax, which taxes shall be recovered in a separate action for each delinquent in any court of competent jurisdiction, and such penalty and taxes, or any part thereof, collected upon any such judgment shall be paid into the county treasury, to be paid out on such road where the tax was assessed and the delinquent lives, and the county treasurer shall keep a record of all such sums of money so coming into his hands."

From the foregoing it clearly appears that the person subject to road tax must be notified to appear, at such time and place and with such tools as may be designated, to perform the work in lieu of road tax. The last assignment of error is, therefore, well taken.

For the reasons given the judgments of the District Court as to each defendant, are reversed, and the complaints dismissed with costs.

SYLLABUS (BY THE COURT)

